**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 05-80245

WARREN GAYLES,

    Defendant.
                                              /

**OPINION AND ORDER DENYING "EMERGENCY PETITION . . ."**

On January 30, 2007, Defendant Warren Gayles filed his "Emergency Petition to Be Placed in Medical Facility and Notice of Neglect . . . ." The court ordered a response from the government. (2/9/07 Order). Having reviewed the matter, the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the petition for lack of jurisdiction.

Defendant's petition alleges that he is suffering from "severe sinus disease including nasal polyps" and that his current prison facility is not providing adequate care. (Emergency Petition at 1.) He asks the court to intervene and place him in a medical facility. (*Id.* at 2.) He cites the Code of Federal Regulations in support of his proposed remedy:

> The grievance procedure shall contain special provision for responding to grievances of an emergency nature. Emergency grievances shall be defined, at a minimum, as matters regarding which disposition according to the regular time limits would subject the inmate to a substantial risk of personal injury, or cause other serious and irreparable harm to the inmate. Emergency grievances shall be forwarded immediately, without substantive review, to the level at which corrective action can be taken. The procedure for resolving emergency grievances shall provide for expedited responses at every level of decision. The emergency procedure

shall also include review by a person or entity not under the supervision or control of the institution.

28 C.F.R. § 40.8.

The above provision, however, says nothing about an individual right to petition a federal district court for post-judgment relief. Rather, the above authority creates a different, internal forum that Defendant is free to utilize to receive consideration of any grievance regarding the conditions of his confinement. That authority sets minimum standards for federal inmate grievance procedures. Those standards do not create oversight authority for federal district courts. The court is therefore not persuaded that it has jurisdiction in this criminal action to decide Defendant's petition. Accordingly,

IT IS ORDERED that Defendant's "Emergency Petition . . ." [Dkt #15] is DENIED for lack of jurisdiction.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522